E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER SU (Cal. Bar No. 297869)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
RAJESH R. SRINIVASAN (Cal. Bar No. 310510)
Assistant United States Attorney
Criminal Appeals Section
     1400/1000 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0719/7416
     Facsimile: (213) 894-0142/8513
     E-mail:    Alexander.Su@usdoj.gov
                Rajesh.Srinivasan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
6/9/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___TV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR 2:23-cr-00291-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| JONATHAN ALFONZO CEJA,<br>   aka "Alfonso,"<br>   aka "Alfonso Expert Polish," | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐   1.   Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

|    |   |     |                                                                  |
|----|---|-----|------------------------------------------------------------------|
| 1  | ☐ | a.  | present offense committed while defendant was on release        |
| 2  |   |     | pending (felony trial),                                          |
| 3  | ☐ | b.  | defendant is an alien not lawfully admitted for                  |
| 4  |   |     | permanent residence; <u>and</u>                                  |
| 5  | ☐ | c.  | defendant may flee; or                                           |
| 6  | ☐ | d.  | pose a danger to another or the community.                       |
| 7  | ☒ | 2.  | Pretrial Detention Requested (§ 3142(e)) because no              |
| 8  |   |     | condition or combination of conditions will reasonably           |
| 9  |   |     | assure:                                                          |
| 10 | ☒ | a.  | the appearance of the defendant as required;                     |
| 11 | ☒ | b.  | safety of any other person and the community.                    |
| 12 | ☐ | 3.  | Detention Requested Pending Supervised Release/Probation         |
| 13 |   |     | Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.       |
| 14 |   |     | § 3143(a)):                                                      |
| 15 | ☐ | a.  | defendant cannot establish by clear and convincing               |
| 16 |   |     | evidence that he/she will not pose a danger to any               |
| 17 |   |     | other person or to the community;                                |
| 18 | ☐ | b.  | defendant cannot establish by clear and convincing               |
| 19 |   |     | evidence that he/she will not flee.                              |
| 20 | ☐ | 4.  | Presumptions Applicable to Pretrial Detention (18 U.S.C.         |
| 21 |   |     | § 3142(e)):                                                      |
| 22 | ☐ | a.  | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")          |
| 23 |   |     | (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or    |
| 24 |   |     | greater maximum penalty (presumption of danger to                |
| 25 |   |     | community and flight risk);                                      |

|   |   |    |    |
|---|---|----|----|
| 1 | ☐ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or |
| 2 |   |    | 2332b(g)(5)(B) with 10-year or greater maximum penalty |
| 3 |   |    | (presumption of danger to community and flight risk); |
| 4 | ☐ | c. | offense involving a minor victim under 18 U.S.C. |
| 5 |   |    | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, |
| 6 |   |    | 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |
| 7 |   |    | 2260, 2421, 2422, 2423 or 2425 (presumption of danger |
| 8 |   |    | to community and flight risk); |
| 9 | ☐ | d. | defendant currently charged with an offense described |
| 10 |  |    | in paragraph 5a - 5e below, AND defendant was |
| 11 |  |    | previously convicted of an offense described in |
| 12 |  |    | paragraph 5a - 5e below (whether Federal or |
| 13 |  |    | State/local), AND that previous offense was committed |
| 14 |  |    | while defendant was on release pending trial, AND the |
| 15 |  |    | current offense was committed within five years of |
| 16 |  |    | conviction or release from prison on the above- |
| 17 |  |    | described previous conviction (presumption of danger to |
| 18 |  |    | community). |
| 19 | ☐ | 5. | Government Is Entitled to Detention Hearing Under § 3142(f) |
| 20 |  |    | If the Case Involves: |
| 21 | ☐ | a. | a crime of violence (as defined in 18 U.S.C. |
| 22 |  |    | § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or |
| 23 |  |    | Federal crime of terrorism (as defined in 18 U.S.C. |
| 24 |  |    | § 2332b(g)(5)(B)) for which maximum sentence is 10 |
| 25 |  |    | years' imprisonment or more; |
| 26 | ☐ | b. | an offense for which maximum sentence is life |
| 27 |  |    | imprisonment or death; |

|   |   | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
|---|---|---|---|
|   | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
|   | ☐ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
|   | ☒ | f. | serious risk defendant will flee; |
|   | ☒ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |
| ☐ | 6. | | Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s): |

_____
_____
_____
_____

//
//
//
//
//

4

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: June 8, 2023                    Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       /s/ Alexander Su
                                       _____
                                       ALEXANDER SU
                                       RAJESH R. SRINIVASAN
                                       Assistant United States Attorneys